O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WASHINGTON, JR.,<br><br>　　　　　Petitioner<br><br>　　　v.<br><br>WL MONTGOMERY,<br><br>　　　　　Respondent. | Case No. 5:22-cv-01052-JGB (GJS)<br><br>**ORDER: ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; AND DENYING MOTION** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the 28 U.S.C. § 2254 petition in this case and all relevant pleadings and other documents filed and lodged in this action, Respondent's Motion to Dismiss (Dkt. 7, "Respondent's Motion") and the related Opposition (Dkt. 12), and the Report and Recommendation of United States Magistrate Judge (Dkt. 17, "Report").  The time for filing Objections to the Report has passed and no Objections have been received by the Court.  Having completed its review, the Court accepts the findings and recommendations set forth in the Report.

　　　　On April 11, 2023, Petitioner filed a "Motion to Correct an Unauthorized Sentence Pursuant to People v. Iniguez (2002) 96 CA 4th 75, 116 CR 2d 634 and Penal Code Section § 186.22(b)(4).1 15 years X2+30yrs. For Nonexisting Crime" (Dkt. 22, "Petitioner's Motion").  Although Petitioner directed the Motion to the

United States Magistrate Judge, it more appropriately is resolved by the undersigned. The Motion is brought solely under state law and asserts claims of California law evidentiary error at trial and sentencing error.

The Motion is not cognizable for several reasons. To the extent that the Motion asserts new claims, there is no evidence that Petitioner has exhausted them, and thus, they cannot serve as a basis for relief in this federal habeas action. *See* 28 U.S.C. § 2254(b)(1)(A). Moreover, any such new claims would be second or successive for the same reasons set forth in the Report with respect to the 28 U.S.C. § 2254 habeas petition filed in this case, and thus, the Court lacks jurisdiction to consider them. In addition, the Motion raises only state law issues that should be presented in state court, not in a Section 2254 federal habeas action. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (*per curiam*) ("'We have stated many times that federal habeas corpus relief does not lie for errors of state law.'") (citation omitted); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (*per curiam*) ("it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts") (*per curiam*).

Accordingly, **IT IS ORDERED** that: (1) Petitioner's Motion is DENIED; (2) Respondent's Motion is GRANTED; (3) the Petition is dismissed without prejudice on the ground that it is an unauthorized second or successive petition within the meaning of 28 U.S.C. § 2244(b); and (4) Judgment shall be entered dismissing this action without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 22, 2023

JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE